UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RAUL FLORES-CHAVEZ, | ) | |
| Institutional ID No. 65382-097, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-229-BG |
| KERRY DIXON, | ) | ECF |
| Senior Warden, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.**     **Procedural History**

Plaintiff Raul Flores-Chavez filed this action on December 14, 2012, complaining of deliberate indifference to his serious medical needs during his incarceration at Giles W. Dalby Correctional Facility (Dalby Facility).  On January 14, 2013, the United States District Court reassigned the case to the undersigned United States Magistrate Judge, and on January 16, 2013, the undersigned entered an order setting a hearing to be held on February 12, 2013.  On February 6, 2013, the undersigned entered an order rescheduling the hearing for March 28, 2013.

In a letter dated March 13, 2013, the Dalby Facility Warden notified the court that Plaintiff was transferred to FCI Fort Worth.  The undersigned held hearings on March 28, 2013, and called Plaintiff's case, but Plaintiff was not in attendance.

As of this date Plaintiff has not informed the court of his new address, and there has been no further docket activity in this action.

## II.    Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997).   It is, therefore, recommended that the United States District Court dismiss Plaintiff's Complaint for want of prosecution.

## III.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2013); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:        April 3, 2013.

NANCY M. KOENIG
United States Magistrate Judge

2